UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CIVIL ACTION NO. 1:07-CV-180

DENNIS BOOZE                                                                    PLAINTIFF

V.

UNITED STATES OF AMERICA                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion to dismiss by the Defendant. The Defendant argues that this Court lacks jurisdiction and that the Plaintiff has failed to state a claim upon which relief may be granted.   Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion to dismiss is **GRANTED**.

## I. FACTS

On August 26, 2007, the Plaintiff was involved in a car accident and both emergency medical response and law enforcement were summoned to the scene. The Plaintiff advised the emergency medical personnel that his backpack contained a large amount of cash - in excess of $23,000-  and he asked them to safeguard this property while he was being transported to the hospital.  The emergency personnel notified the police officers at the scene of the situation who in turn notified representatives of the local drug task force.

On October 19, 2007, the U.S. Drug Enforcement Administration ("DEA") sent the Plaintiff a formal NOTICE OF SEIZURE pursuant to 18 U.S.C. §983. The Notice stated that the DEA had seized the $ 23,020 for forfeiture "because the property was used or acquired as result of a violation of the Controlled Substances Act (Title 21, U.S.C. Sections 801 et seq.)." (DN 1, Attach. 1, Notice of Seizure). The Notice informed the Plaintiff that he could "petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture in Federal Court." (Id.)  The Notice then set forth the procedures that the Plaintiff should follow to request

the remission or mitigation of the forfeiture or to contest the forfeiture. The Notice provided:

> If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days your receipt of this notice....
>
> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT.  To do so, you must file a claim with the Forfeiture Counsel of the DEA by November 23, 2007. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)).  The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(c))....If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein."

(Id.)

After receiving this Notice, the Plaintiff filed petitions with the Forfeiture Counsel of the DEA asserting his interest in the seized property and requesting remission and/or mitigation. The Plaintiff also, however, contemporaneously filed this action seeking "the return of the United States Currency seized unlawfully" and to "contest the forfeiture...for the purpose of recovering the $23,020.00."

On January 28, 2008, the United States initiated a separate civil forfeiture action in this Court. (Case No. 1:08-CV-14).

## II. LEGAL STANDARD

The United States  has moved for dismissal pursuant to Rules 12(b)(1) and (6).  However, the Court must consider the 12(b)(1) argument first, since the Rule 12(b)(6) argument  becomes moot if this Court lacks subject matter jurisdiction. Moir v. Greater Cleveland Regional Transit Authority, 895 F.2d 266, 269 (6th Cir. 1990) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)(holding that a motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, since determination of the validity of the claim is, in itself, an exercise of jurisdiction.")). Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. Moir, 895 F.2d at 269. A district court "may consider materials outside the

pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens

Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### III. ANALYSIS

The United States argues that the Court lacks jurisdiction over this action because the United

States' consent to be sued is a prerequisite for jurisdiction. The Plaintiff seems to contend that 18 U.S.C.

§ 983 confers jurisdiction on the Court for this type of action.  In support of his contention, the Plaintiff

cites the following language in the Notice of Seizure: "In addition to, or in lieu of petitioning for

remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES

DISTRICT COURT. To do so you must file a claim with the Forfeiture Counsel of the DEA by

November 23, 2007."  (DN 1, Attach. 1, Notice of Seizure).[1]

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from

suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent

to be sued in any court define that court's jurisdiction to entertain the suit." F.D.I.C. v. Meyer, 510 U.S.

471, 475 (1994). Thus, "without specific statutory consent, no suit may be brought against the United

States." United States v. Shaw, 309 U.S. 495, 500-501 (1940).  The Plaintiff bears the burden of proving

that a particular statute waives sovereign immunity. Clark v. United States, 326 F.3d 911, 912 (7th Cir.

2003); Cole v. United States, 657 F.2d 107, 109 (7th Cir. 1981); see also Tucson Airport Auth. v.

General Dynamics Corp., 136 F.3d 641 (9th Cir. 1998).

---

[1] It seems to the Court that the Plaintiff has misunderstood the procedure for contesting forfeiture set forth in the Notice of Seizure. And, indeed, the wording of the Notice in this regard is confusing. The Notice states that the forfeiture of the seized property may be contested in "UNITED STATES DISTRICT COURT," and then tells the claimant he can accomplish this by filing a claim with the Forfeiture Counsel of the DEA. There is no explanation of how the claim will then be heard in federal court. 18 U.S.C. § 983(a)(3)(A) explains what the Notice does not. Pursuant to §983(a)(3)(A), claimant's assertion of his claim to the property "forecloses the possibility of administrative forfeiture of the [property] and thereafter the funds can only be forfeited through a judicial action initiated by the United States government in federal court within 90 days of Plaintiff's assertion of her claim." Wada v. United States Secret Service, 2007 U.S. Dist. LEXIS 83584, *7 (D. D. C. 2007). Here, the Plaintiff  filed a claim with the Forfeiture Counsel of the DEA contesting the forfeiture of the funds. As a result, the Government had to either initiate a civil forfeiture proceeding regarding the funds or release them. As noted above, the Government has instituted a forfeiture proceeding in this Court regarding the $ 23,020.00 and the Plaintiff may now contest the forfeiture of the funds in that action.  (Civil Action No. 1:08-CV-14).

Here, the Plaintiff seems to imply that the Court has federal question jurisdiction under 28 U.S.C. 1331 since his claim is based upon 18 U.S.C. § 983. However, the Plaintiff has not pointed to any language in § 983 which explicitly waives the United States' sovereign immunity for this type of claim.[2] Accordingly, the Court holds that it does not have jurisdiction over the claim as set forth in the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is **GRANTED**. **IT IS SO ORDERED**.

cc: Counsel of Record

---

[2]In its brief, the United States points out that individuals may file actions for the release of seized property due to hardship under 18 U.S.C. § 983(f). Under this section, a person who can show that the continued possession by the government of the seized property will cause him substantial hardship may file a claim for the release of the property. However, a claimant seeking release of the property under this section must first request possession of the property from the appropriate official. 18 U.S.C. § 983(f)(2). If the seized property has not been released within 15 days of filing this administrative claim, the claimant may file a petition in the district court for the district in which the property was seized. 18 U.S.C. § 983(f)(3). Here, however, there is nothing in the Complaint which suggests that the Plaintiff is seeking a hardship release of the funds pursuant to 18 U.S.C. § 983(f) or that the Plaintiff has complied with the administrative procedures for a hardship release set forth in said section.